UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812 |

January 2, 2013

LETTER TO COUNSEL:

    RE:    *Stacey Ann Corvin v. Commissioner, Social Security Administration*;
           Civil No. SAG-11-2311

Dear Counsel:

    On August 19, 2011, the Plaintiff, Stacey Ann Corvin, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 17). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

    Ms. Corvin filed her claim on July 28, 2008, alleging disability beginning on July 28, 2007. (Tr. 113-21). Ms. Corvin's earnings record demonstrated that she had acquired enough quarters to remain insured through September 30, 2007. (Tr. 137). Therefore, to be eligible for benefits, Ms. Corvin had to prove disability at some point prior to her date last insured. Her claim was denied initially on September 18, 2008, and on reconsideration on February 5, 2009. (Tr. 52-55, 57-58). A hearing was held on January 21, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 19-47). Following the hearing, on March 20, 2010, the ALJ determined that Ms. Corvin was not disabled during the relevant time frame. (Tr. 6-18). The Appeals Council denied Ms. Corvin's request for review (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Ms. Corvin suffered from the severe impairment of degenerative disc disease. (Tr. 11). Despite this impairment, the ALJ determined that Ms. Corvin retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except that she could never climb a ladder, rope or scaffold; could occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl and would be limited to simple, unskilled jobs due to the effects of pain and medication.

*Stacey Ann Corvin v. Commissioner, Social Security Administration*
Civil No. SAG-11-2311
January 2, 2013
Page 2

(Tr. 13). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Corvin could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 17).

Ms. Corvin raises a single issue on appeal. She contends that the ALJ erroneously inferred the duration of her impairments, rather than consulting a medical expert as required by Social Security Ruling (SSR) 83-20. Pl. Mot. 4-8. Specifically, Ms. Corvin contests the ALJ's determination that she "did not have a full year of difficulties documented by the medical evidence from her alleged onset date of July 28, 2007, through her last treatment note of July 10, 2008 prior to her May 2009 fall." (Tr. 15).

Ms. Corvin's cited authorities are not relevant to her case. SSR 83-20 relates to establishment of an onset date for an impairment. In *Bailey v. Chater*, 68 F.3d 75 (4th Cir. 1995), the court addressed the establishment of an onset date and, logically, applied the dictates of SSR 83-20. However, the onset date is not in question in this case, because the ALJ accepted Ms. Corvin's alleged onset date of July 28, 2007, which coincided with an injury she sustained after lifting boxes. (Tr. 12). Because Ms. Corvin's case does not hinge on the establishment of an onset date, *Bailey* and SSR 83-20 are inapposite.

The pertinent issue is whether substantial evidence supports the ALJ's conclusion that Ms. Corvin's impairment did not meet the twelve-month durational requirement. I conclude that it does. The ALJ noted that in February 2007, Ms. Corvin had a normal physical examination. (Tr. 12). At that time, she told her primary care doctors that "her pain was not continuous and that she did not like to take pain medications, stating that her last pain medication prescription was filled in November 2006." *Id.* The ALJ also noted Ms. Corvin's physical examination in December 2007, which was "within normal limits," and specifically revealed that her motor strength, gait, and sensory examinations were all normal. (Tr. 280-81). Moreover, although Ms. Corvin complained of pain, she again denied taking pain medications. *Id.*

In the absence of objective medical evidence of disability lasting twelve months, the only basis for a finding of sustained disability would be Ms. Corvin's subjective complaints of pain. The ALJ determined that Ms. Corvin's complaints were not credible. (Tr. 14). In the extensive analysis in the opinion, the ALJ relied upon Ms. Corvin's activities of daily living, the fact that she frequently did not take pain medication, and the fact that she went for large stretches of time without seeking medical treatment. (Tr. 14-15). Those facts provide substantial evidence to support the ALJ's adverse credibility finding.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 15) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 17) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge